**Decided April 23, 1985**

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

EDWARD TEMENGIL, et al., )        CIVIL ACTION NO. 81-0006
                         )
            Plaintiffs,  )
                         )
     vs.                 )
                         )
GOVERNMENT OF THE TRUST  )
TERRITORY OF THE PACIFIC )
ISLANDS, et al.,         )
                         )
            Defendants.  )
_____)
                         )
JOSE DLG. DIAZ, et al.,  )        CIVIL ACTION NO. 84-0001
                         )
            Plaintiffs,  )
                         )
     vs.                 )        DECISION DENYING MOTION
                         )        TO CONSOLIDATE OR TO
TRUST TERRITORY OF THE PACIFIC )  INTERVENE
ISLANDS, et al.,         )
                         )
            Defendants.. )
_____)

        The instant motion involves two separate actions based on the alleged wage discrimination practices of the government of the Trust Territory of the Pacific Islands (hereinafter Trust Territory). The events underlying these actions are summarized in the previous decisions filed in the Temengil, et al., v. Trust Territory, et al., Civ.No. 81-0006 (D.N.M.I.)("Temengil"). Due to the similarity among the claims asserted in Diaz, et al., v. Trust Territory, et al., Civ.No. 84-0001 ("Diaz") and in Temengil, those plaintiffs in the Diaz case who are included in the Temengil class as defined in the class certification decision

AO 72
(Rev.8/82)

filed May 29, 1984 now wish to join the Temengil action either through consolidation or intervention. For the reasons stated below, the Court denies the motion.

█ Plaintiffs move initially to consolidate the Diaz action with the Temengil action, at least insofar as the overlap between the two classes of plaintiffs extends. In effect, the Diaz plaintiffs are willing to subdivide their class. Those members described as within the Temengil class will dismiss out of Diaz and join the Temengil plaintiffs; the remaining plaintiffs in Diaz will pursue their claims which differ in a significant degree from those of the Temengil class members. The Diaz plaintiffs correctly note that the new proposed sub-class is already within the Temengil class which is described as:

> Present and past employees of the Trust Territory of the Pacific Islands who have worked and are working within the territorial limits of the Commonwealth of the Northern Mariana Islands since January 9, 1978, through the present and are classified in terms of, race and national origin as Micronesians.

Since the moving plaintiffs are already within the Temengil class, consolidation is not appropriate, and that part of the motion is accordingly denied.

In the alternative, the Diaz plaintiffs move for intervention. Federal Rule of Civil Procedure 24 sets forth the requirements of intervention:

Rule 24. Intervention.

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action... (2) when an applicant's claim or defense and the main action have a question of law or fact in common... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

To qualify as intervenors of right, then, plaintiffs must demonstrate that the representation of their interests by the Temengil class representatives and class counsel is inadequate. Plaintiffs have attempted no such showing. Moreover, this Court has already undertaken an extensive review of the class representation prior to its decision to certify the class. The Court is satisfied that the interests of the members of the Temengil class are now adequately represented in the action.

Permissive intervention, of course, is available under Rule 24(b). Under this subsection, the Court must consider the

AO 72
(Rev.8/82)

151

potential delay or prejudice to the rights of the original parties which the intervention may bring about.

The Temengil case was filed in 1981. Since that time the Court, in addition to issuing its certification decision, has addressed two significant dismissal/summary judgment motions, each of which included substantial jurisdictional arguments. As important, the parties have engaged in extensive discovery which has produced volumes of data and information relating to the merits of the claims. Moreover, under the Court's guidance, the parties have undertaken an effort to enter into stipulations regarding uncontested factual and legal issues, including agreements on documentary evidence. It is readily apparent to the Court that the Temengil parties have spent a great deal of time and effort readying this case for judicial resolution in the near future; this Court has already supervised three status conferences regarding the extensive stipulations involved. Out of this effort has been produced hundreds of pages of stipulated documentary evidence as well as numerous other stipulations regarding the factual issues. Because of this monumental effort, the parties expect to have this case ready for summary judgment disposition by mid-1985. In other words, the Temengil litigation is past the club house turn and well into the home stretch.

The Diaz plaintiffs now want in. The Court was notified of this intention back on August 3 of 1984 when the Diaz counsel appeared at one of the aforementioned Temengil status conferences. See Temengil (order filed October 19, 1984). The

152

counsel represented the desire of those _Diaz_ plaintiffs included within the _Temengil_ class to become directly involved in the _Temengil_ action. The counsel further represented to the Court that he would take action regarding some involvement within 45 days; in other words, by September 17, 1984. The present motion was filed March 1, 1985. Not only has nearly six months passed, but, as noted above, the _Temengil_ parties in that time have negotiated extensive stipulations. Moreover, since the filing of their action in 1984, three years after the initiation of the _Temengil_ case, there is no evidence that _Diaz_ plaintiffs have taken any action in the prosecution of their case with the exception of the preparation of one minor request for production.

The Court finds this motion to be too little, too late. The _Temengil_ action is almost ready for disposition by summary judgment. To allow the intervention or even an entry of appearance now would unduly delay the action and prejudice the existing parties. This decision is further supported by the Court's firm belief that the existing class representatives and class counsel are representing the interests of the class with skill, expertise and determination. Accordingly, under this Court's authority over the management of class actions, _see_ Federal Rule of Civ.Proc. 23(d), the Court:

1. In Civil Action No. 81-0006, DENIES the Motion for Partial Consolidation (or in the Alternative, for Partial Intervention); and

2. In Civil Action No. 84-0001, DISMISSES

AO 72
(Rev.8/82)

from the Diaz action all claims therein asserted which are included within the claims asserted by the class representatives in Temengil, and which are asserted by persons who fall within the class as defined in Temengil (Decision dated May 29, 1984).

DATED this _____23rd_____ day of April, 1985.

_____
JUDGE ALFRED LAURETA